IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10214
_____


JOEL MASK,

                                        Plaintiff-Appellant,

                        versus

DONNIE R. ROGERS, Sgt.;
ERIC KARR, Cpl.;
DEON CLEMENTS, Lt.,

                                        Defendants-Appellees.

_____

        Appeal from the United States District Court for the
                Northern District of Texas, Lubbock
                        (5:94-CV-226-C)
_____

                    December 30, 1996

Before JOLLY, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

        The only question presented by this appeal is whether the

district court erred in granting the appellees' summary judgment

motion with respect to Mask's claim for damages under 42 U.S.C. §

1983, which is based upon an arrest alleged to be without probable

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

cause.[1] The issue may be reduced to asking simply whether there is a genuine dispute of fact as to whether the police had probable cause to arrest Mask.

The evidence produced at the summary judgment stage established that the police officers responded to a domestic disturbance call at the home of Mask's mother. The call involved Mask's brother and was the second such call of the evening. While at the residence to arrest Mask's brother, the police heard loud shouting from within the house and, upon entering, found Mask threatening his wife. Thereafter, Mask left the house and went to the front porch where he and his brother engaged in a heated argument that required police intervention. The officers subsequently arrested Mask for fighting, disorderly conduct, loud and profane language, apparent intoxication, assault and threatening an officer. Mask disputed this account of the evening but failed to bear his burden of presenting evidence raising a genuine issue of material fact. Thus, because of the absence of a genuine issue of material fact as to the presence of probable cause

---

[1]The district court also found that Heck v. Humphrey, 114 S.Ct. 2364 (1992), barred Mask's malicious prosecution claim and that the record lacked facts to support Mask's claim of excessive force. Mask does not brief these issues on appeal and they are, therefore, considered abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

to arrest, summary judgment in favor of the police officers was appropriate.

We conclude, therefore, that, with respect to the Fourth Amendment claim, the district court did not err in granting summary judgment. Accordingly, the judgment of the district court is

A F F I R M E D.